# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **LISA A. CHEEK,** | |
| **Plaintiff,** | |
| vs. | CAUSE NO.   1:12-cv-1834-DKL-SEB |
| **CAROLYN W. COLVIN, Commissioner of Social Security,** | |
| **Defendant.** | |

### ENTRY

***Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)* [doc. 33]**

***Plaintiff's Attorney's Motion for an Award of Attorneys Fees under 42 U.S.C. 406(b)* [doc. 35]**

The Court reversed and remanded the defendant Commissioner's denial of plaintiff Lisa A. Cheek's applications for disability benefits under the Social Security Act. *Entry* [doc. 31]. By way of the above-entitled motions, Ms. Cheek moves for an award of attorney's fees in the amount of $6,090.96 under the Equal Access to Justice Act ("EAJA"), [doc. 33] ("*EAJA Motion*"), and her attorney separately moves for an award of fees under 42 U.S.C. § 406(b), [doc. 35] ("*§ 406 Motion*"). For the reasons explained herein, Ms. Cheek's motion is denied and her attorney's motion is granted.

### *EAJA Motion*

To qualify for a fee award under the EAJA, five criteria must be satisfied: (1) the movant is a prevailing party, (2) the government's position was not substantially

1

justified, (3) no special circumstances make an award unjust, (4) a fee application was filed within thirty days of final judgment in the action and was supported by an itemized application, and (5) the movant had a net worth of less than two million dollars.  28 U.S.C. § 2412(d)(1)(B) and (d)(2)(B).  See *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158, (1990).  There is no dispute that Ms. Cheek is a prevailing party, that no special circumstances exist, that her motion is timely, and that she meets the financial qualification for an award.  The only criteria at issue is whether the Commissioner's position was substantially justified.  The Commissioner also opposes Ms. Cheek's separate request that any award be made payable directly to her attorney, pursuant to an assignment of EAJA fees.  Because the Court finds that the Commissioner's position was substantially justified, it does not reach this second dispute.

> The substantially-justified standard is a low one.
>
> The government bears the burden of proving that its position was substantially justified, and to do so, it must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded." *Conrad*, 434 F.3d at 990; *see also Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir.2004).  In evaluating the government's position, we review the claim in its entirety rather than the individual positions the government may have taken throughout different phases of litigation. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161–62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

*United States v. Pecore*, 664 F.3d 1125, 1131 (7th Cir. 2011).  The fact that the Court reversed the Commissioner's decision and remanded Ms. Cheek's claims does not automatically mean that the Commissioner's decision was not substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 569 (1988); *Temme v. Bemis Co.*, 762 F.3d 544, 551 (7th Cir. 2014).

The substantially-justified standard is satisfied if there is a "genuine dispute" or if "reasonable persons could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992). In short, if the Commissioner had a rational ground for believing that she had a rational ground for her decisions, then the standard is satisfied. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). A prevailing plaintiff challenging a finding that the Commissioner's decision was substantially justified "faces an uphill challenge. The commissioner's position is substantially justified if a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). And the Supreme Court has entrusted the question whether the commissioner's position is substantially justified to the discretion of the district court, in no small part because the analysis is not susceptible to a firm rule or even a 'useful generalization.' *See Pierce v. Underwood*, 487 U.S. 552, 561–62, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)." *Bassett v. Astrue*, 641 F.3d 857, 859-60 (7th Cir. 2011).

Another principle of analysis under the EAJA, is that "[t]he relevant 'substantiality' inquiry should be into a party's posture during the case as a whole, rather than treating each segment as an 'atomized line-item[ ].'" *Temme*, 762 F.3d at 551 (quoting *Comm'r v. Jean*, 496 U.S. 154, 161–62 (1990)). The EAJA does not authorize fees whenever the government makes a mistake. Rather, the Commissioner's position can be substantially justified, on the whole, despite errors and mistakes.

Ms. Cheek's argument that the position of the Commissioner was not substantially justified consists of the following: "Because [the United States'] adjudicator did not expressly articulate an evaluation of whether the claimant needs an assistive device, and because its adjudicator erroneously discredited the claimant's description of symptoms, the government's defense of this suit was not substantially justified." *EAJA Motion*, at 2. Although conclusory, this statement appears in Ms. Cheek's motion and the burden of proof lies with the Commissioner. But Ms. Cheek did not file a reply to the arguments in the Commissioner's response, so this statement is Ms. Cheek's only argument on the issue.

In support of her suit for judicial review, Ms. Cheek asserted three errors by the ALJ. The Court rejected one, accepted one, and accepted most of the third. The Court rejected Ms. Cheek's primary asserted error that the ALJ failed to adequately articulate his Listings analysis. The Court accepted her second argument that the ALJ failed to adequately articulate why he rejected her asserted need for an assistive device. The Court found that the ALJ failed to "expressly evaluate" her need for an assistive device, *Entry*, at 12, 14, and the evidence of record "obligated the ALJ to specifically articulate, at some level, his evaluation of her need for an assistive device," *id.*, at 14. The Court specifically found that "this is a close case." *Id.* Because the ALJ's failure to articulate prevented a determination whether his rejection of Ms. Cheek's need for an assistive was supported by substantial evidence, the Court remanded the issue "for that articulation and, if necessary, consequent re-consideration of Ms. Cheek's RFC and disability." *Id.*

Articulation errors alone are usually insufficient to find the Commissioner's position not substantially justified.

> The commissioner's position may be substantially justified even if it turns out to be completely wrong. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). For example, the ALJ's opinion might offer merely a "cursory and inadequate" analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion — or the commissioner's defense of the opinion. *See United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 387 (7th Cir. 2010). That is because the requirement that the ALJ must articulate an assessment of the evidence is "deliberately flexible," *Stein v. Sullivan*, 966 F.2d 317, 319–20 (7th Cir. 1992), so the ALJ's failure to "connect all the dots" in the analysis — and the commissioner's defense of those gaps in the ALJ's reasoning — is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law, *see Cunningham v. Barnhart*, 440 F.3d 862, 864–65 (7th Cir. 2006). Indeed it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified — something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis. *See Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

*Bassett v. Astrue*, 641 F.3d 857, 859-60 (7th Cir. 2011).

The Court already found that the issue of the ALJ's articulation of Ms. Cheek's need for an assistive device was a close one. In its *Entry*, the Court noted that the Commissioner cited several items of evidence (or lack of evidence) in the record that tended to be inconsistent with Ms. Cheek's necessity for an assistive device. *Entry*, at 13. While the Court found that it could not consider such evidence on review, it did not conclude that a finding that Ms. Cheek required or did not require an assistive device (of any type, for any period of time, or under any particular circumstances) would or would not be supported by substantial evidence. *Entry*, at 13. Rather, the Court found only an

articulation error by the ALJ that prevented the Court from evaluating such findings. *Id.*, at 14. In these circumstances, including the absence of any response by Ms. Cheek to the Commissioner's argument, the Court does not find that this error alone shows that the Commissioner's position lacks substantial justification.

Ms. Cheek next argued that the ALJ's credibility determination was erroneous because he (1) improperly required objective verification of her activities of daily living, (2) failed to explain his findings that her treatments were routine and conservative and that her medications were effective, and (3) improperly relied on the fact that she cared for her child to discredit her statements about the severity of her symptoms. *Entry*, at 15-16. The Court rejected the first asserted error. *Entry*, at 15. The Court agreed that the ALJ failed to explain why he found that Ms. Cheek's treatments were routine and conservative and why her treatments were effective. *Id.*, at 15-16. Again, the Court found that the ALJ's error was one of articulation: he failed to explain his reasoning and support his reasoning with citations to the record.

The Court found that the ALJ's reliance on Ms. Cheek caring for her child as a reason to discredit her symptom descriptions was contrary to *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005), and was unsupported by substantial evidence. *Entry*, at 16. Thus, the Court found that the ALJ's finding was erroneous. However, the Court explained that the ALJ should have inquired whether Ms. Cheek received or required help with child care before relying on the fact of her providing that care as a reason to discredit her symptom testimony. *Id.* The Court did not hold that her care could not, in any

circumstances, tend to discredit her testimony; only that it did not do so on the basis of the record as it was then constituted, without the answers to additional inquiry.

Considering the Commissioner's position as a whole, the Court concludes that it was substantially justified. Of the three errors found by the Court, two were errors of articulation only and the third was an error of law and fact. This one last error does not substantially detract from the justification for the Commissioner's decision as a whole.

Therefore, the Court concludes that the Commissioner's decision was substantially justified and that an award of EAJA fees is not warranted.

### § 406 Motion

On remand, the Commissioner awarded Ms. Cheek past-due benefits in the amount of $63,138.00. Ms. Cheek's attorney now moves for an award of $15,784.50 as a reasonable attorney's fee under 42 U.S.C. § 406(b). That provision limits an award to twenty-five percent of past-due benefits. Ms. Cheek and her attorney have a fee agreement that provides that her attorney will receive twenty-five percent of any past-due benefits as a contingent fee. The Commissioner does not object to the motion. *Defendant's Response to Plaintiff's Motion for an Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)* [doc. 37]. The Court has reviewed the fee request and supporting materials, including counsel's brief in support, and it finds that the fee requested is reasonable in relation to the result achieved and the services rendered. Therefore, the motion is granted and a separate order will issue.

## Conclusion

Plaintiff's *Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)* [doc. 33] is **DENIED**. *Plaintiff's Attorney's Motion for an Award of Attorneys Fees under 42 U.S.C. 406(b)* [doc. 35] is **GRANTED**.

**DONE this date:** 11/04/2015

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.